UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW ALEXANDER, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 14-13681-LTS |
| ERIC HOLDER, U.S. ATTORNEY GENERAL, | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

February 11, 2015

SOROKIN, D.J.

For the reasons set forth below, the Court denies without prejudice the petition for a writ of habeas corpus.

**I. Background**

Immigration detainee Andrew Alexander ("Alexander") has filed a pleading entitled "Petitioner [sic] for writ of habeas corpus to claim derivative citizenship." He asks this Court to find that he is eligible for United States citizenship based on his grandmother's status as a United States Citizen. Alexander represents that he arrived in the United States as a lawful permanent resident in 1996 at the age of fourteen, and that his grandmother took legal custody of him at that time.

The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).

**II. Discussion**

The Court's jurisdiction to adjudicate a claim of citizenship is governed by 8 U.S.C.

§ 1503(a) ("§ 1503(a)". This statute provides:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) <u>arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act</u>, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years <u>after the final administrative denial of such right</u> or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a) (emphases added). This statute "makes it clear that Congress intended individuals to pursue one of two routes to establish claims for nationality." <u>Ortega v. Holder</u>, 592 F.3d 738, 744 (7th Cir. 2010). A person may "may file an administrative application for a certificate of citizenship, which, if denied, could be pursued by way of an action under § 1503(a)." <u>Id.</u> However, "if the question of nationality first arises in the context of a removal proceeding, the person must pursue his claims through those proceedings, culminating either with a declaration or denial of nationality." <u>Id.</u>

Although Alexander does not specify the status of the immigration proceedings against him, he represents that he is a "detainee" rather than a prisoner and he provides an alien registration number. The Court therefore infers that he is undergoing removal proceedings. If this is so, his request for a declaration of his citizenship arose after the government commenced removal proceedings, and the Court is without jurisdiction to entertain his claim of citizenship. Of course, Alexander may still claim derivative citizenship as a defense in the removal proceedings. If the immigration judge rejects the defense and orders removal, the petitioner may, after exhausting administrative channels, petition the appropriate court of appeals for review of the final order of removal, including review of the citizenship claim. <u>See</u> 8 U.S.C.

2

§ 1252(b).[1]

Even if removal proceedings had not yet commenced, the Court lacks jurisdiction over this action. Section § 1503(a) expressly requires "a final administrative denial" prior to an action requesting a federal district court to declare that a litigant is entitled to citizenship; the administrative exhaustion requirement is jurisdictional. See Johnson v. Whitehead, 647 F.3d 120, 125 (4th Cir. 2011) (action under 8 U.S.C. § 1503(a) barred where petitioner failed to exhaust administrative remedies); United States v. Breyer, 41 F.3d 884, 891-92 (3d Cir. 1994) ("[A] federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies."). The administrative process begins by a person filing a Form N-600, Application for Certificate of Citizenship, with the United States Citizenship and Immigration Services. See 8 U.S.C. § 1452(a); 8 C.F.R. § 341.1. If the application is denied, he must timely appeal to the Administrative Appeals Office. See 8 C.F.R. § 103.3(a)(1)(i)-(iv). Thereafter, if the appeal is unsuccessful, the person may seek judicial review under § 1503(a).

Here, Alexander has not suggested that has even commenced, let alone exhausted, his administrative remedies in regards to seeking a declaration of citizenship.

## III. Conclusion

Accordingly, the petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE. No filing fee shall be assessed.

SO ORDERED.

    /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Alexander has been ordered removed, the REAL ID Act expressly eliminated district courts' habeas jurisdiction over removal orders, see 8 U.S.C. § 1252(a)(5), including those in which the petitioner has raised a claim of derivative citizenship, see, e.g., Johnson v. Whitehead, 647 F.3d 120, 124 (4th Cir. 2011); Jordon v. Att'y Gen. of U.S., 424 F.3d 320, 327 (3d Cir. 2005).